IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>JESSE T. HILL,<br><br>　　　　　　Defendant. | 4:25CR3051<br><br>PLEA AGREEMENT |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Lesley A. Woods, United States Attorney and Donald J. Kleine and Sean P. Lynch, Assistant United States Attorneys, and defendant, Jesse T. Hill, and Patrick A. McInerney, counsel for defendant, as follows:

I

## THE PLEA

### A.　CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to waive Indictment and plead guilty to an Information. Count I charges a violation of Title 18, United States Code, Section 1349. Defendant further admits the forfeiture allegation as set forth in the Information. The parties agree the property to be forfeited is any interest Defendant may have in the following:

1. 142 Las Casitas II in Fajardo, Puerto Rico;
2. Ownership interest of Aaron Marshbanks and/or Archangel Aviation, LLC in a PC-12/47E Pilatus Aircraft bearing tail number N586WD; and
3. Funds in Charles Schwab account 3737-1364;

B.　In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

　　　1.　The United States agrees that the defendant will not be federally prosecuted in the District of Nebraska for bank fraud crimes as disclosed by the discovery material delivered to the defendant's attorney as of the date this agreement is signed by all parties, other than as set forth in paragraph A, above. This agreement not to prosecute the defendant for specific crimes does

1

not prevent any prosecuting authority from prosecuting the defendant for any other crime, or for any crime involving physical injury or death.

## II
## NATURE OF THE OFFENSE

A.  ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1. Defendant and one or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit bank fraud, that is, with the intent to defraud, to knowingly execute, attempt to execute, and participate in a scheme to defraud a financial institution insured by the Federal Deposit Insurance Corporation to obtain any of the moneys and funds owned by and under the custody and control of the financial institution by means of material falsehoods and false and fraudulent pretenses, representations, and promises;
2. Defendant knew the unlawful purpose of the plan and willfully joined in it.

B.  ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

1. Individual 1 operated a real estate business in Nebraska. Individual 1 died on November 2, 2022.
2. Jesse T. Hill ("Hill") was an investment advisor operating in Nebraska. In 2013, Hill organized JT Equity Trading, LLC which operated as a hedge fund until 2018. Hill then organized First SOJO Capital Group, LLC ("First SOJO") in 2019. First SOJO was a Registered Investment Advisor in Nebraska that managed two pooled investment vehicles: Outlier Fund I, LP and Outlier Fund II, LP. First SOJO used the services of Piedmont Fund Services from late 2021 until April 2022, when Piedmont Fund Services terminated their relationship with Hill due to significant investment losses. At no point in time did Piedmont Fund Services provide services to Individual 1 or any of Individual 1's controlled entities.

3. Beginning in November 2020, Hill and Individual 1 began attempting to obtain loans from financial institution throughout Nebraska and western Iowa. The loans were sought in the name of Individual 1 and/or Individual 1's entities. It was represented that these loans were to be used for real estate investment and the alleged collateral for the loan was an investment account of Individual 1 and/or Individual 1's entity that was managed by Hill. Hill and Individual 1 would grant a surety with the financial institution, typically in the form of a control agreement, a commercial security agreement, or an assignment of account. Hill would falsely claim that Individual 1 and/or Individual 1's entities were clients of his through his own investment entities JT Equity or First SOJO. Hill would prepare and present fraudulent invoices from JT Equity or Piedmont Fund Services to the financial institutions. Hill would falsely represent values of alleged funds that Individual 1 and/or an entity of Individual 1 had in an account that Hill managed. Hill would falsely represent that no other financial institution had a security interest in these fictitious accounts. Throughout the process of obtaining or attempting to obtain the loans, Hill and Individual 1 would engage with the financial institution to facilitate the loan process to include meeting with the financial institution in person, communicating by telephone, communicating by text message, or communicating by email. Hill knew that the representations being made to the financial institution in order to obtain loans by Individual 1 and/or Individual 1's entity were false and were being done with the intent to defraud.

4. The following financial institutions are insured by the Federal Deposit Insurance Corporation:
    a. Financial Institution 1
    b. Financial Institution 2
    c. Financial Institution 3
    d. Financial Institution 4
    e. Financial Institution 5
    f. Financial Institution 6
    g. Financial Institution 7
    h. Financial Institution 8
    i. Financial Institution 9
    j. Financial Institution 10
    k. Financial Institution 11
    l. Financial Institution 12

m. Financial Institution 13
n. Financial Institution 14
o. Financial Institution 15
p. Financial Institution 16
q. Financial Institution 17
r. Financial Institution 18
s. Financial Institution 19

5. As a result of this scheme, Hill and Individual 1 attempted to obtain at least $45,650,000.00 in loans from at least 19 different financial institutions. Specifically, Hill and Individual 1 obtained or attempted to obtain the following loans:

| Financial Institution | Loan Number(s) | Borrowing Entity | Loan Date | High Loan Amount |
|---|---|---|---|---|
| Financial Institution 1 | 74914266 | Individual 1 | 8/4/2021 | $1,500,000.00 |
|  | 74915314 | Open Hand Ventures, LLC | 4/1/2022 |  |
| Financial Institution 2 | 30576 | Tweed Capital, LLC | 3/11/2022 | $2,500,000.00 |
| Financial Institution 3 | 71235 | Heavy ventures, Inc. | 10/14/2021 | $2,000,000.00 |
| Financial Institution 4 | 1115225 | Saige Ventures, LLC | 3/7/2022 | $2,750,000.00 |
| Financial Institution 5 | 18020100 | Kingdom Golden Bullion, LLC | 1/14/2022 | $2,500,000.00 |
| Financial Institution 6 | 33953 | Individual 1 | 3/11/2021 | $2,750,000.00 |
|  | 34372 | Individual 1 | 1/31/2022 |  |
|  | 34391 | Journey Capital, LLC | 2/10/2022 |  |
| Financial Institution 7 | 3000996659 | Planet Capital, LLC | 7/1/2022 | $2,000,000.00 |
| Financial Institution 8 | 404203533 | Big Bear Capital, LLC | 3/9/2022 | $2,500,000.00 |
| Financial Institution 9 | 70381121 | Individual 1 | 12/9/2021 | $500,000.00 |
|  | 70386822 | Grit Capital, LLC | 3/9/2022 |  |
| Financial Institution 10 | 69055 | Power Holdings, LLC / 1 Chron 29:11 LLC | 10/18/2021 | $3,000,000.00 |
| Financial Institution 11 | 1100069990 | Individual 1 | 11/2/2020 | $3,000,000.00 |
|  | 1100070318 | Individual 1 | 8/26/2021 |  |
|  | 1100070601 | Aaron D Marshbanks | 8/2/2022 |  |
| Financial Institution 12 | 132322001 | Individual 1 | 6/3/2022 | $3,000,000.00 |
| Financial Institution 13 | 1075022 | Individual 1 | 3/9/2021 | $3,000,000.00 |
|  | 1076132 | Savor Holdings, LLC | 5/5/2022 |  |
| Financial Institution 14 | 11000664 | Crunch Capital, LLC | 5/19/2022 | $2,000,000.00 |
| Financial Institution 15 | 63882 | Chronicles Holdings, LLC | 10/14/2021 | $3,000,000.00 |
|  | 64273 | Chronicles Holdings, LLC | 1/24/2022 |  |

4

|  | 64504 | Chronicles Holdings, LLC | 2/25/2022 |  |
|  | 64961 | Chronicles Holdings, LLC | 7/18/2022 |  |
|  | 65227 | Honey Capital, LLC | 9/23/2022 |  |
| Financial Institution 16 | 10100224 | Individual 1 | 3/24/2021 | $4,250,000.00 |
| Financial Institution 17 | 44185 | Hustle Holdings, LLC | 1/7/2022 | $2,000,000.00 |
| Financial Institution 18 | Attempt |  |  | $2,500,000.00 |
| Financial Institution 19 | Attempt | Individual 1 |  | $900,000.00 |

6. The majority of the funds that were fraudulently obtained went into a failed investment scheme. A portion of the proceeds from fraudulent loans obtained later in the scheme were used to pay off or pay down fraudulent loans obtained earlier in the scheme. Proceeds from these fraudulent loans were used to purchase 142 Las Casitas II in Fajardo, Puerto Rico. Proceeds were used to purchase an ownership interest in a PC-12/47E Pilatus Aircraft bearing tail number N586WD. Proceeds were deposited in Charles Schwab account 3737-1364.

7. In general, Hill agrees to forfeit all interests in any bank fraud-related property and/or asset that the defendant currently owns, has previously owned, or over which the defendant currently, or has in the past, exercised control, directly or indirectly, and any property the defendant has transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense including the aforementioned property also included in the forfeiture allegation of the Information.

8. Hill further agrees to waive all interest in any such property or asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Hill agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Hill acknowledges that defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(l)(J), at the time his guilty plea is accepted.

## III

## PENALTIES

A.   COUNT I. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1. A maximum 30 years in prison;
2. A maximum $ 1,000,000 fine;
3. A mandatory special assessment of $100 per count; and
4. A term of supervised release of not more than 5 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.
5. Possible ineligibility for certain Federal benefits.

## IV

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## V

## SENTENCING ISSUES

A.   SENTENCING AGREEMENTS.

Although the parties understand that the Guidelines are advisory and only one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures (if applicable). Unless otherwise stated, all agreements as to sentencing issues are made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1. Base Offense Level: The parties agree that the base offense level is 7 pursuant to U.S.S.G. 2B1.1(a)(1).
2. Specific Offense Characteristic – Loss Amount: The parties agree that a 22-level increase is applicable due to the loss being greater than $25,000,000 and less than $65,000,000 pursuant to U.S.S.G. 2B1.1(b)(1)(L).

3. <u>Specific Offense Characteristic – Ten or More Victims</u>: the parties agree that a 2-level increase is applicable due to the offense involving 10 or more victims pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i).

4. <u>Acceptance of Responsibility</u>: If the defendant is found to be entitled to an offense level reduction under U.S.S.G. 3E1.1(a) for acceptance of responsibility, the United States hereby moves that the court reduce the defendant's offense level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), if that paragraph otherwise applies.

B. <u>ACCEPTANCE OF RESPONSIBILITY</u>.

Notwithstanding paragraph A above, the United States will <u>not</u> recommend any adjustment for Acceptance of Responsibility if defendant:

1. Fails to admit a complete factual basis for the guilty plea at the time it is entered, or
2. Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or
3. Fails to appear in court, or
4. Engages in additional criminal conduct, or
5. Attempts to withdraw the guilty plea, or
6. Refuses to abide by any lawful court order, or
7. Contests or assists any third party in contesting the forfeiture of property(ies)seized or forfeited in connection with this case.

C. <u>ADJUSTMENTS, DEPARTURES & REDUCTIONS UNDER 18 U.S.C. § 3553</u>.

The parties agree that defendant may request or recommend additional downward adjustments, departures, including criminal history departures under U.S.S.G. § 4A1.3, and sentence reductions under 18 U.S.C. § 3553(a), and that the United States will oppose any such downward adjustments, departures, and sentence reductions not set forth in Section V, paragraph A above.

D. <u>CRIMINAL HISTORY</u>.

The parties have no agreement concerning the defendant's Criminal History Category.

E. <u>"FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION</u>.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

F.  RECOMMENDATION REGARDING CUSTODY.

The United States will recommend that defendant be sentenced to a period of incarceration within the advisory guideline range as calculated by the Court at sentencing.

G.  RESTITUTION.

Defendant agrees to the following regarding Restitution:

a. The amount of restitution ordered by the Court shall include all relevant conduct, including, but not limited to, all charged and uncharged criminal conduct alleged in the Indictment, and not limited to the count(s) of conviction.

b. Defendant shall pay restitution in an amount to be determined.

c. Defendant also shall pay the Special Assessment of $ 100 per count of conviction by submitting a satisfactory form of payment to the Clerk of the Court *prior to* appearing for the sentencing proceeding in this case.

d. Restitution and Assessment payments shall be made payable to the "U.S. District Court Clerk" and submitted to: Clerk, United States District Court, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Suite 1152, Omaha, NE 68102-1322.

e. The District Court Clerk will subsequently disburse Defendant's restitution payments to include, but not necessarily limited to, the following victim financial institutions or their affiliated holding companies for loss amounts to be determined:

       a. Financial Institution 1
       b. Financial Institution 2
       c. Financial Institution 3
       d. Financial Institution 4
       e. Financial Institution 5
       f. Financial Institution 6
       g. Financial Institution 7
       h. Financial Institution 8
       i. Financial Institution 9
       j. Financial Institution 10
       k. Financial Institution 11
       l. Financial Institution 12
       m. Financial Institution 13
       n. Financial Institution 14

      o. Financial Institution 15
      p. Financial Institution 16
      q. Financial Institution 17
      r. Financial Institution 18
      s. Financial Institution 19

    f. Court imposed monetary penalties are *due immediately* and subject to *immediate* enforcement by the United States. 18 U.S.C. § 3613.

    g. Any Court ordered schedule for restitution payments is merely a *minimum* payment obligation, and does not limit the methods by which the United States may immediately enforce the judgment in full, including but not limited to enrollment in the Treasury Offset Program (TOP) (*see* 26 U.S.C. § 6402(d); 31 U.S.C. §3720A; 31 U.S.C. § 3716) and garnishment of available funds, wages, or assets (*see* 18 U.S.C. §§3613, 3664(m)).

    h. If incarcerated, Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a payment schedule.

    i. Defendant will provide all of defendant's financial information to the United States and the Probation Officer, and agrees, if requested, to participate in a pre-sentencing debtor exam. Defendant will fully and truthfully disclose all assets and property in which Defendant has any interest, or over which Defendant exercises control directly or indirectly, including assets and property held by a spouse, nominee or other third party.

    j. At the request of the U.S. Attorney's Office (USAO), Financial Litigation Program (FLP), Defendant will promptly execute and return a fully completed and executed Financial Disclosure statement under oath, a Tax Information Authorization Form 8821, and a Request for Transcript of Tax Return Form 4506-T. Defendant also agrees to provide the USAO FLP copies of financial information that Defendant submitted to the U.S. Probation Office.

    k. Defendant authorizes the USAO FLP to obtain Credit Reports concerning Defendant to enable the USAO to evaluate Defendant's ability to satisfy any financial obligations and monetary penalties imposed as part of the sentence, and will execute any Release for such information upon request.

    l. Defendant understands that compliance with USAO requests for financial information will be taken into account when the United States makes a recommendation to the Court regarding Defendant's acceptance of responsibility at sentencing. Defendant's failure to

9

timely and accurately complete and sign the financial statement and any update thereto, may, in addition to any other penalty or remedy, indicate a failure to accept responsibility.

    m. Defendant's disclosure obligations are ongoing, and are in force from the execution of this agreement until Defendant has satisfied restitution in full.

    n. Defendant certifies that Defendant has not transferred assets or property for the purpose of (1) evading financial obligations created by this Agreement; (2) evading obligations that may be imposed by the Court; nor (3) hindering efforts of the USAO to enforce such financial obligations. Defendant promises that Defendant will make no such transfers in the future.

    o. If the United States learns of any misrepresentation in the financial disclosure statement, or of any asset in which Defendant had an interest at the time of this plea agreement that is not disclosed in the financial disclosure statement, and in the event such misrepresentation or nondisclosure changes the estimated net worth of Defendant by ten thousand dollars ($10,000.00) or more, the United States may at its option: (1) choose to be relieved of its obligations under this plea agreement; or (2) let the plea agreement stand, enforce the full forfeiture, restitution, and fines imposed by any criminal or civil judgment, including enforcement of 100 percent of the value of any previously undisclosed asset. Defendant agrees not to contest enforcement against of such asset or property. If the United States opts to be relieved of its obligations under this plea agreement, Defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn.

## VI

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

    The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

        (a) As provided in Section I above, (if this is a conditional guilty plea); and

        (b) A claim of ineffective assistance of counsel.

        (c) A right to file a motion under Section 3582(c)(1)(A);

      1. the general right to file a compassionate release motion;

      2. the right to file a second or successive such motion; or

      3. the right to appeal the denial of a compassionate release.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

    (a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

    (b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII

## BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII
### SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs the agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## IX

## MODIFICATION OF AGREEMENT MUST BE IN WRITING

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## X

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it. Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
LESLEY A. WOODS
United States Attorney

6/2/2025
Date

DONALD J. KLEINE
ASSISTANT U.S. ATTORNEY

6/2/2025
Date

SEAN P. LYNCH
ASSISTANT U.S. ATTORNEY

6/2/25
Date

JESSE T. HILL
DEFENDANT

June 2, 2025
Date

PATRICK A. MCINERNEY
COUNSEL FOR DEFENDANT